1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH LEE TAYLOR,                          No.  2: 19-cv-0450 TLN KJN P

12                    Plaintiff,

13          v.                                      ORDER

14    KUERSTON, et al.,

15                    Defendants.

16

17    Introduction

18          Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant

19    to 42 U.S.C. § 1983.  Pending before the court is defendants' motion for attorneys' fees.  (ECF

20    No. 68.)  For the reasons stated herein, defendants' motion for attorneys' fees is granted.

21    Background

22          On December 24, 2019, defendants filed a summary judgment motion.  (ECF No. 45.)  On

23    January 9, 2020, plaintiff filed his first opposition to defendants' summary judgment motion.

24    (ECF No. 50.)

25          On January 22, 2020, defendants filed a reply.  (ECF No. 51.)  In the reply, defendants

26    observed that plaintiff's opposition did not include a response to defendants' statement of

27    undisputed facts, as required by Local Rule 260(b).  (Id.)  In addition, plaintiff's opposition failed

28    to file any evidentiary documents cited in the opposition, as required by Local Rule 260(b).  (Id.)

1

Plaintiff's opposition also referred to deposition testimony and inmate declarations attached as exhibits to deposition transcripts lodged by defendants.  (Id.)  Plaintiff failed to move the court for an order making these deposition transcripts part of the court record, as required by Local Rule 133(j).  (Id.)

In the reply, based on plaintiff's failure to comply with the local rules, defendants requested that the court disregard all of plaintiff's disputed facts and evidence cited in his opposition and instead deem defendants' statement of undisputed facts as undisputed.  (Id.)

On January 27, 2020, the undersigned granted plaintiff fourteen days to file a properly supported second opposition to defendants' summary judgment motion.  (ECF No. 52.)  On February 5, 2020, the undersigned issued an order clarifying that plaintiff's second opposition shall be limited to the same arguments and evidence cited in the original opposition.  (ECF No. 54.)  The undersigned ordered the second opposition due within fourteen days of February 5, 2020.  (Id.)

On February 20, 2020, plaintiff filed his second opposition.  (ECF No. 58.)  On February 26, 2020, defendants filed a motion to strike the second opposition.  (ECF No. 61.)  Defendants correctly argued that the second opposition was filed one day late.  (Id.)  Defendants also correctly argued that plaintiff's second opposition cited new evidence that was not included in the original opposition.  (Id.)  Defendants also correctly argued that plaintiff failed to submit some of the evidence cited in the second opposition.  (Id.)  Finally, defendants also correctly argued that plaintiff failed to reference evidence cited in his second opposition in his response to defendants' statement of undisputed facts.  (Id.)

Plaintiff did not file a written opposition to defendants' motion to strike.

On March 26, 2020, the undersigned conducted a telephonic conference regarding defendants' motion to strike.  At this telephonic conference, plaintiff's counsel offered no good reason for his failure to file a written opposition to the motion to strike.  Plaintiff's counsel also offered no good reason for why the second opposition was not timely filed.  Plaintiff's counsel also offered no good reason for the failure of the second opposition to comply with the January 26, 2020 and February 5, 2020 orders, which clearly set forth the requirements for the second

1   opposition.

2   Following the March 26, 2020 telephonic conference, the undersigned granted defendants'

3   motion to strike.  (ECF No. 67.)  The undersigned invited defendants to file the pending motion

4   for attorneys' fees based on the time spent preparing the motion to strike and attending the March

5   26, 2020 telephonic conference.  (Id.)  Within one week thereafter, plaintiff could file briefing

6   addressing whether he disputed any fees or costs requested by defendants.  (Id.)

7   On April 9, 2020, defendants filed the pending motion for $3,600 in attorneys' fees.  (ECF

8   No. 68.)  Plaintiff has not filed any pleading disputing the fees or costs sought by defendants in

9   the pending motion.[1]

10   Discussion

11   Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys

12   or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable,

13   baseless, or filed for an improper purpose, such as needlessly increasing the cost of litigation.

14   Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996).  All pleadings and other

15   motions filed with a court must be signed by an attorney or the unrepresented party, certifying

16   that "to the best of the person's knowledge, information, and belief, formed after an inquiry

17   reasonable under the circumstances":  (1) the paper is not presented for an improper purpose;

18   (2) the claims have a valid legal basis; and (3) there is factual support for the allegations.  Fed. R.

19   Civ. P. 11(b).  Rule 11 imposes on attorneys an "objective standard of reasonableness under the

20   circumstances."  Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir.

21   1986) (internal quotation marks omitted).

22   For the reasons discussed above, the undersigned finds that plaintiff's second opposition

23   to defendants' summary judgment motion violated Federal Rule of Civil Procedure 11.  Plaintiff's

24   second opposition was untimely, failed to comply with the local rules and the court's January 27,

25   2020 and February 5, 2020 orders.  Accordingly, defendants' motion for attorneys' fees based on

26   the time counsel spent preparing defendants' motion to strike plaintiff's second opposition and

27

28
---
[1]  On April 16, 2020, plaintiff filed his third opposition to defendants' summary judgment motion.  (ECF No. 69.)

attending the March 26, 2020 telephonic conference is granted.  The undersigned has reviewed

the declarations submitted by defendants' counsel addressing the hours spent on the motion to

strike and attending the March 26, 2020 telephonic conference and finds them reasonable.

Accordingly, IT IS HEREBY ORDERED that:

1.   Defendants' motion for attorneys' fees (ECF No. 68) is granted;

2.   Within sixty days of the date of this order, plaintiff's counsel shall pay defendants'

counsel $3,600 – (plaintiff's counsel is not to seek to pass this cost on to his client).

Dated:  April 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay450.af

4