1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH LEE TAYLOR,                     No.  2: 19-cv-00450 TLN KJN P

12                 Plaintiff,

13         v.                                 ORDER

14    KUERSTON, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant

18    to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff's counsel is relieved from

19    representing plaintiff and plaintiff shall proceed pro se.[1]

20         On May 11, 2021, plaintiff's counsel filed a form titled "Consent Order Granting

21    Substitution of Attorney."  (ECF No. 92.)  In this form, plaintiff's counsel requested court

22    approval to withdraw from representing plaintiff, leaving plaintiff without counsel.  (Id.)  Both

23    plaintiff and his counsel signed this form.  (Id.)

24         On May 13, 2021, the undersigned ordered the May 11, 2021 notice of substitution

25    disregarded because it did not comply with Local Rule 182.  (ECF No. 93.)  In this order, the

26    undersigned advised counsel that a motion to withdraw should be noticed before the trial judge.

27

28    [1]  Plaintiff's counsel was retained and not court appointed.

1

(Id.)

On June 14, 2021, plaintiff himself filed a motion stating that counsel had stopped communicating with him. (ECF No. 95.) Plaintiff alleged that counsel had "totally abandoned" him. (Id.) On June 25, 2021, the undersigned ordered counsel to send plaintiff a letter informing him of the status of his representation within seven days. (ECF No. 97.)

On July 6, 2021, plaintiff's counsel filed a copy of the letter sent to plaintiff in response to the June 25, 2021 order. (ECF No. 98.) In this letter, counsel informed plaintiff that he will not be representing plaintiff in this case. (Id.) Counsel informed plaintiff that he will be filing a motion to withdraw. (Id.)

On July 8, 2021, plaintiff himself filed a pleading titled, "Motion to [re]instate previous request for pro se status…" (ECF No. 99.) In this motion, plaintiff contends that there has been a "serious, and unrepairable breakdown of trust and loyalty in attorney-client relationship" between plaintiff and his counsel. (Id.) Plaintiff requests that the court allow plaintiff to proceed pro se. (Id.) Plaintiff also requests that his counsel be sanctioned. (Id.)

Although Local Rule 182(d) provides that an attorney may not withdraw leaving a client in propria persona without leave of court upon noticed motion, for the reasons stated herein, plaintiff's July 8, 2021 motion to proceed pro se is granted.[2]

In evaluating plaintiff's request, the undersigned considers the factors considered by courts in ruling on motions by counsel to withdraw.

> In ruling on a motion to withdraw, some courts have looked to the following factors: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case. Gibson v. Hagerty Ins. Agency, 2018 WL 1382335, at *4 (E.D. Cal. Mar. 19, 2018) (citation omitted). The Court has discretion to deny an attorney's motion to withdraw made on the eve of trial. See Ramirez v. Sturdevant, 21 Cal. App. 4th 904, 915 (1994) (noting that it is unethical for an attorney to abandon a client at a "critical point" in the litigation if it would prejudice the client's case); see also Vachula v. General Elec. Capital Corp., 199 F.R.D. 454, 458 (D. Conn. 2000) ("Where an attorney moves to withdraw on the eve of trial, courts generally deny such a motion").

---

[2] Plaintiff's counsel has still not filed a motion to withdraw.

1  <u>Vahora v. Valley Diagnostics Laboratory, Inc.</u>, 2018 WL 4292237, at *2 (E.D. Cal. Sept. 7,

2  2018.)

3      The record in this action, as discussed above, demonstrates a breakdown in

4  communication between plaintiff and his counsel.  The breakdown in communication is proper

5  grounds to grant plaintiff's request to relieve counsel and proceed pro se.  See <u>Williams v.</u>

6  <u>Troehler</u>, 2010 WL 11570438, at *2 (E.D. Cal. June 23, 2010); <u>see also</u> <u>Warkentine v. Soria</u>,

7  2014 WL 12773794, at *2) (E.D. Cal. Dec. 19, 2014) (granting withdrawal where client did not

8  oppose motion, filed a consent order granting substitution of attorney, and there was a breakdown

9  of communication).

10      The undersigned acknowledges that this action is set for trial on October 18, 2021.

11  However, the trial date is herein vacated and will be reset by separate order.  Under these

12  circumstances, counsel is not abandoning plaintiff at a critical point in this litigation.  The

13  undersigned also finds that the prejudice to plaintiff if his request to relieve counsel is not granted

14  outweighs the prejudice to defendants caused by the delay in resolution of this action.

15      Finally, the undersigned finds that sanctions against plaintiff's counsel are not warranted.

16      Accordingly, IT IS HEREBY ORDERED that:

17  1.   Plaintiff's request to relieve his counsel, Nathan Mols Siedman, of representation

18      (ECF No. 99) is granted; plaintiff shall now proceed pro se; the Clerk of the Court is

19      directed to amend court records to reflect that plaintiff is now proceeding pro se;

20  2.  Within fourteen days of the date of this order, Mr. Siedman shall return to plaintiff all

21      relevant documents in his possession related to his representation of plaintiff in this

22      action;

23  3.  Plaintiff's motion for sanctions (ECF No. 99) is denied; and

24  4.  The pretrial conference set for August 19, 2021, and the jury trial set for October 18,

25      2021, before the Honorable Troy L. Nunley are vacated; the undersigned will issue an

26      amended scheduling order in the near future.

27  Dated:  July 12, 2021

28

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE