UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>KUERSTON, et al.,<br><br>  Defendants. | No.  2: 19-cv-00450 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on plaintiff's claim alleging that defendants Medina and Chavez used excessive force in violation of the Eighth Amendment on June 28, 2017 when they threw plaintiff to the ground.

This action is set for a jury trial before the Honorable Troy L. Nunley on June 6, 2022.  In the instant order, the undersigned addresses plaintiff's requests for appointment of an expert witness and to reopen discovery made in his pretrial statement.

Request for Appointment of Expert Witness

*Legal Standard*

Federal Rule of Evidence 706 provides that "the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing."  Fed. R.

1

Evid. 706(a). However, court-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand. See Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999) (appointing a physician expert witness where medical testimony on record was "not particularly clear"); Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. April 8, 2014) ("This Rule permits a court to appoint a neutral expert to assist the court to understand complex, technical, or esoteric subject matter."); In re Joint E. & S. Districts Asbestos Litig., 830 F. Supp. 686, 693 (E.D. N.Y. 1993) (noting that court appointment of experts is appropriate only in "rare circumstances" and should be reserved for "exceptional cases" in which the ordinary adversarial process does not suffice, such as complex mass tort problems.) Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe, 2014 WL 1383400, at *5; see also Gorton v. Todd, 793 F. Supp.2d 1171, 1178 n.6 (E.D. Cal. 2011) (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoners' "own benefit" in aiming to prove deliberate indifference). Indeed, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11.

*Discussion*

Plaintiff requests appointment of an impartial expert witness to testify regarding whether defendants used excessive force and whether plaintiff suffered any new or aggravated injuries to his back, neck, left knee and left hand as a result of the incident. (ECF No. 109 at 5.)

While plaintiff claims to seek an impartial expert, plaintiff appears to seek appointment of an expert for his own benefit. Rule 706 does not contemplate court appointment and compensation of an expert witness as an advocate for plaintiff. Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012) (purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). Rather, Rule 706(a) of the Federal

Rules of Evidence permits the court to appoint only neutral expert witnesses.

Plaintiff also fails to demonstrate that this action is so complex that it requires appointment of a neutral expert witness to assist the trier of fact. Plaintiff does not explain how his excessive force claim is factually or legally complex. Plaintiff also does not explain why he requires an expert witness to address whether the alleged excessive force caused further injury and the nature and extent of this injury.

For the reasons discussed above, plaintiff's request for a neutral expert under Rule 706 is denied.

Request to Reopen Discovery

In his pretrial statement plaintiff states that, if permitted, he will seek additional discovery from defendants including electronically stored video tapes, photographs and tape recordings of any conduct leading up to, during and after the incident that relates to the incident. (ECF No. 109 at 5.) Plaintiff also alleges that he will seek any writings about the incident, including records in handwriting, typewriting, printing, photostating, photocopying, electronic mail, facsimiles and every other means of recording. (Id.)

Discovery in this action is closed.

In considering whether to grant a motion to amend the scheduling order and re-open discovery, the court is to consider:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997)).  It is "significant" when a party is seeking to re-open discovery rather than extend the discovery deadline. W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir. 1990). "The difference [between the two types of requests] is considerable" because "a request for an extension acknowledges the importance of a deadline,

[while] a retroactive request suggests that the party paid no attention at all to the deadline." Id.

Plaintiff was originally represented by counsel in this action. On May 8, 2019, the undersigned issued a scheduling order setting the discovery deadline for December 6, 2019. (ECF No. 33.) On August 25, 2020, the court granted in part and denied in part defendants' summary judgment motion. (ECF No. 78.) On July 13, 2021, the undersigned granted plaintiff's request to relieve his counsel. (ECF No. 100.) On October 26, 2021, the undersigned issued a further scheduling order setting the pretrial conference and jury trial. (ECF No. 103.)

The undersigned did not order defendants to respond to plaintiff's request to reopen discovery made in his pretrial statement. However, plaintiff's request to reopen discovery comes approximately eight months after the undersigned granted plaintiff's motion to relieve his counsel. Plaintiff does not explain why he waited eight months after the order relieving counsel to request further discovery. Plaintiff also does not address why the discovery conducted by counsel was inadequate. For these reasons, the undesigned finds that plaintiff did not act diligently in seeking further discovery. In addition, defendants will be prejudiced if the jury trial is delayed and discovery reopened. The undersigned also finds that the jury trial, set for June 6, 2022, is imminent.

The requested discovery may lead to relevant evidence. However, the undersigned finds that the other factors discussed above outweigh the relevance of the proposed discovery. For these reasons, plaintiff's request to reopen discovery made in his pretrial statement is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for appointment of an impartial expert witness and to reopen discovery, made in his pretrial statement, are denied.

Dated: April 12, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay450.ord(3)