UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2: 19-cv-00450 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| KUERSTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on plaintiff's claim that defendants Medina and Chavez used excessive force in violation of the Eighth Amendment on June 28, 2017, when they allegedly threw plaintiff to the ground.

This action is set for jury trial before the Honorable Troy L. Nunley on July 25, 2022. On April 12, 2022, the undersigned issued a pretrial order. (ECF No. 111.) The undersigned also issued a separate order denying plaintiff's requests for expert witnesses and to reopen discovery made in his pretrial statement. (ECF No. 112.)

Pending before the court are plaintiff's objections to the pretrial order and the order denying plaintiff's request to reopen discovery. (ECF No. 114.) Also pending are several other matters.

////

1

Plaintiff's Objections

Plaintiff first objects to the order denying his request to seek additional discovery from defendants and California State Prison-Solano including electronically stored video tapes, photographs, tape recordings of any conduct leading up to, during and after the incident and plaintiff's staff complaint interview. (Id. at 1.)

Attached to plaintiff's objections is a letter dated March 9, 2022, from the Center for Human Rights and Constitutional Law addressed to the California Department of Corrections and Rehabilitation ("CDCR"). (Id. at 3-4.) This letter requests records in possession of CDCR for the purposes of inspection pursuant to the California Public Records Act ("CPRA), California Government Code § 6250 et seq., and Article I, § 3b of the California Constitution. (Id. at 3.) The letter states that the requesting parties are plaintiff and the Center for Human Rights and Constitutional Law. (Id.) This letter is hereinafter referred to as the "CPRA request."

The letter requests records regarding the alleged excessive force incident. In particular, the letter requests,

> copies of all documents involving the above-described incident including but not limited to electronically stored video tapes, photographs and tape recordings of any conduct leading up to, during, and after the incident that in any way relate to the incident, and any 'writings' about the incident as defined in California Evidence Code § 250, including records in handwriting, typewriting, printing, photostating, photocopying, electronic mail, facsimiles, and every other means of recording upon any tangible thing, including letters, reports, forms and memoranda, regardless of the date of the records or the manner in which the records has been stored.

(Id.)

On May 5, 2022, defendants filed a response to plaintiff's objections. (ECF No. 117.) Defendants state that there is no videotaped recording of the incident. (Id. at 1.) Defendants also observe that the court denied plaintiff's request to reopen discovery. (Id.) Defendants contend that re-opening discovery on the eve of trial would severely prejudice defendants and significantly delay trial in this matter. (Id.)

Plaintiff's pending request to reopen discovery is not clear. In his pretrial statement, plaintiff requested that discovery be reopened so that he could seek from defendants the same

2

documents requested from CDCR in the CPRA request.  (ECF No. 112 at 3.)  As discussed above, the undersigned denied this request on April 12, 2022.  (Id.)   The undersigned affirms this order.

In the pending request, plaintiff may be requesting that discovery be reopened in support of his CPRA request.  If so, this request is denied for the reasons stated in the April 12, 2022 order.  To the extent plaintiff is requesting that he be permitted to introduce as exhibits documents obtained pursuant to the CPRA request, plaintiff shall follow the procedures set forth in the pretrial order.  (ECF No. 111 at 6.)

In his objections, plaintiff also objects to having no method to review six CD rom discs of evidence, which include an interview with defendant Medina taken on September 18, 2018.  (ECF No. 114 at 2.)  Plaintiff alleges that he requires a court order to review these discs.  (Id.)

In their response, defendants state that it is unclear what plaintiff is seeking regarding the six CDs.  (ECF No. 117 at 2.)  Defendants contend that the court does not have jurisdiction to force prison officials to provide plaintiff with access to the CDs.  (Id.)  Defendants contend that if plaintiff wants to review the CDs, he should go through the proper channels provided by the prison.  (Id.)  Defendants also state that they are not aware of what plaintiff refers to when he states that there is an interview with defendant Medina taken on September 18, 2018.  (Id.)  Defendants contend that they do not believe any such interview exists.  (Id.)

Other than the interview with defendant Medina, plaintiff does not describe the contents of the CDs.  According to defendants, no such interview with defendant Medina exists.  In addition, it is unclear where plaintiff obtained the six CDs.[1]  While plaintiff claims he can only view the CDs with a court order, plaintiff provides no information supporting this claim.  Plaintiff does not, for example, allege that prison officials denied his request to view the CDs.  Accordingly, plaintiff's request for an order directing prison officials to allow him to view the six CDs is denied as unsupported.

////

---

[1]  It is unclear whether plaintiff obtained the six CDs in response to the CPRA request.

3

Finally, plaintiff objects to defendants' referral to the abstract of judgment of plaintiff's crime during the trial. (ECF No. 114 at 1-2.) The pretrial order provides that each party will file objections to exhibits fourteen days before trial. (ECF No. 111 at 6.) Accordingly, plaintiff's objections to defendants' reference to the abstract of judgment should be raised in objections to defendants' exhibits, if appropriate.

<u>Defendants' Request for Writ of Habeas Corpus Ad Testificandum</u>

On May 5, 2022, defendants filed a request for a writ of habeas corpus ad testificandum for the personal appearance of their inmate witness Andre Deshon Williams. (ECF No. 118.) In their pretrial statement, defendants state that inmate Williams agreed to testify at trial. (ECF No. 110 at 7.)

The further scheduling order provides that the court will issue a writ of habeas corpus ad testificandum for incarcerated witnesses who agree to testify voluntarily upon a showing that the prospective witness is willing to attend and the prospective witness has actual knowledge of the relevant facts. (ECF No. 103 at 2.) A party may demonstrate the willingness of the prospective witness to testify by 1) the party swearing by affidavit that the prospective witness informed the party that they will testify voluntarily (including when and where the party informed the party of this willingness); or 2) an affidavit by the prospective witness. (<u>Id.</u> at 2.)

In addition, the prospective witness' actual knowledge of the facts can be shown by either an affidavit by the party that the prospective witness has actual knowledge or an affidavit by the prospective witness. (<u>Id.</u> at 3.)

Defendants did not make the required showing that inmate Williams is willing to testify and has knowledge of the relevant facts. Defendants are granted ten days from the date of this order to file a motion for the writ of habeas corpus ad testificandum for inmate Williams that makes this showing.

<u>Further Briefing Ordered in Pretrial Order</u>

In the pretrial order, the undersigned ordered plaintiff to inform the court within fourteen days whether he stipulated to the authenticity of certain documents. (ECF No. 111 at 4.) On April 25, 2022, plaintiff filed a stipulation to the authenticity of his medical and mental health

records. (ECF No. 113.) If defendants seek additional stipulations from plaintiff, they shall contact plaintiff.

In the pretrial order, filed April 12, 2022, the undersigned ordered plaintiff to inform the court within fourteen days whether he possessed a copy of CDCR's investigation of plaintiff's grievance attached as Exhibit I to ECF No. 58-3. (ECF No. 111 at 5.) Fourteen days passed and plaintiff did not respond to this order. Accordingly, no further orders regarding this matter will be issued.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. The instant order resolves plaintiff's objections to the pretrial order (ECF No. 114);

2. Plaintiff's further request to reopen discovery, made in his objections to the pretrial order, is denied;

3. Plaintiff's request for an order directing prison officials to allow him to review six CDs, made in his objections to the pretrial order, is denied;

4. Plaintiff's objection to defendants' referral to his abstract of judgment shall be raised in objections to defendants' evidence; and

5. Defendants are granted ten days from the date of this order to file a motion in support of their request for issuance of the writ of habeas corpus ad testificandum for inmate Williams, as discussed above.

Dated: May 9, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay450.ord(req)

---

[2] In his objections, plaintiff requests that discovery be reopened so that he may obtain CDCR's investigation video tape recording of plaintiff's staff complaint interview. (ECF No. 114 at 1.) The video tape of plaintiff's interview appears separate from Exhibit I attached to ECF No. 58-3. Counsel filed a motion to seal exhibit I and referred to Exhibit I as containing documents AGO 006597 through 006605. (ECF No. 60 at 1.) Counsel did not refer to Exhibit I as containing video tape evidence. As discussed in the pretrial order, the court does not possess Exhibit I.