UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>KUERSTON, et al.,<br><br>Defendants. | No. 2:19-cv-00450-TLN-KJN<br><br><br>**ORDER** |

Plaintiff, a state prisoner proceeding without counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claim that Defendants Medina and Chavez used excessive force in violation of the Eighth Amendment on June 28, 2017, when they allegedly threw Plaintiff to the ground. This action is set for jury trial before this Court on July 25, 2022.

On May 5, 2022, Plaintiff filed a pleading requesting the following: that discovery be reopened; that the Court Order prison officials to allow him to view five CDs; and that the order granting Defendant Kuerston summary judgment be reconsidered. (ECF No. 121.) For the reasons stated herein, these requests are DENIED.

///

///

///

A. <u>Reconsideration of Order Granting Defendant Kuerston Summary Judgment</u>

Plaintiff contends he recently discovered evidence demonstrating that his former counsel wrongly failed to oppose Defendants' summary judgment motion regarding Defendant Kuerston. The Court construes Plaintiff's argument as a request for reconsideration of the order granting Defendants' summary judgment motion regarding Defendant Kuerston. For the reasons stated herein, Plaintiff's request for reconsideration is DENIED.

    *i.*    *Legal Standard for Request for Reconsideration*

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . ." of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Additionally, pursuant to this Court's Local Rules, when filing a motion for reconsideration of an order, a party must show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

    *ii.*    *Background*

Plaintiff, through his former counsel Mr. Siedman, originally filed this action in the United States District Court for the Northern District of California on June 26, 2018. (ECF No. 1.) In the complaint, Plaintiff alleged that on August 3, 2017, at California State Prison-Solano ("CSP-Sol"), Defendant Kuerston denied Dr. Williams' request for epidural injections because the treatment "lacks medical evidence of long-term benefits." (*Id.* at 9.) Plaintiff alleged that Defendant Kuerston violated his Eighth Amendment right to adequate medical care by failing to provide Plaintiff with epidural injections. (*Id.* at 20.)

On December 20, 2018, Defendants filed a motion for summary judgment on the grounds

2

that Plaintiff failed to exhaust administrative remedies as to his claims against Defendant Kuerston.[1] (ECF No. 21.) In support of the summary judgment motion, Defendants attached the declaration of S. Gates, Chief of the Health Care Correspondence and Appeals Branch. (ECF No. 21-1.) S. Gates stated that he reviewed the inmate health care grievance records in the Health Care Appeals and Risk Tracking System ("HCARTS") database for Plaintiff. (*Id.* at 3–4.) S. Gates stated that he could confirm that while housed at CSP-Sol, Plaintiff submitted eleven health care grievances. (*Id.* at 4.) After reviewing the eleven grievances, S. Gates concluded that none of these grievances raised the issue of the denial of epidural injections or any other issue related to Plaintiff's claim against Defendant Kuerston based on Defendant Kuerston's actions on August 3, 2017, or thereabouts. (*Id.* at 5.)

In support of the summary judgment motion, Defendants also attached the declaration of M. Voong, the Chief of the Office of Appeals. (ECF No. 21-2.) M. Voong stated that after reviewing the Inmate Appeals Tracking System ("IATS") database for Plaintiff, he concluded that Plaintiff did not administratively exhaust his claim based on Defendant Kuerston's actions on August 3, 2017. (*Id.* at 3–4.)

On January 15, 2019, Mr. Siedman filed a statement of non-opposition to Defendants' summary judgment motion. (ECF No. 22.) On January 18, 2019, the Court granted Defendants' summary judgment motion. (ECF No. 23.)

On March 11, 2019, this action was transferred to this Court. (ECF No. 25.)

On July 13, 2021, the magistrate judge granted Plaintiff's request to relieve Mr. Siedman. (ECF No. 100.) The magistrate judge ordered Mr. Siedman to return to Plaintiff all relevant documents in his possession related to his representation of Plaintiff in this action within fourteen

---

[1] Section 1997e(a) of the Prison Litigation Reform Act of 1995 (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199–1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741(2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

1 | days. (*Id.*)

2 |     *iii.*    *Discussion*

In the request for reconsideration, Plaintiff alleges that he (Plaintiff) tested positive for COVID-19 on January 4, 2021. (ECF No. 121 at 2.) Plaintiff alleges that Mr. Siedman mailed Plaintiff the exhibits regarding this action on July 20, 2021. (*Id.*) Plaintiff alleges that due to his COVID-19 diagnosis, he was unable to review the exhibits he received from Mr. Siedman until April 30, 2022. (*Id.*) Plaintiff alleges that after reviewing the exhibits, he discovered exhibits demonstrating that he exhausted administrative remedies against Defendant Kuerston. (*Id.*)

In support of his claim that he exhausted his administrative remedies as to his claims against Defendant Kuerston, Plaintiff attaches portions of administrative grievance no. SOL HC 18000731/SOL SC 18000035. (*Id.* at 6–13.) In this grievance, Plaintiff wrote that he was filing a Health Care Staff Complaint against Dr. Robert E. Mayes for his continued retaliation against Plaintiff. (*Id.* at 6.) Plaintiff claimed that Dr. Mayes continuously denied Plaintiff adequate pain medication on May 21, 2018, for three injuries: the "4 inch spinal bone removal surgery injury rehabilitation," the left hand numbness" injury, and the left knee injury. (*Id.*) Plaintiff alleged that Dr. Mayes told Plaintiff to get pain medication at the prison canteen. (*Id.* at 8.) Plaintiff alleged that he was allergic to the pain medication sold at the canteen. (*Id.*)

Plaintiff provides a response to grievance no. SOL SC 18000035 dated August 2, 2018. (*Id.* at 12-13.) This response is signed by Defendant Kuerston and S. Cargill. (*Id.*) The response found that staff did not violate CDCR policy, as alleged in Plaintiff's grievance. (*Id.* at 12.)

Plaintiff's request for reconsideration of the order granting Defendants' summary judgment motion regarding Defendant Kuerston is denied for two reasons. First, grievance no. SOL HC 18000731/SOL SC 18000035 did not allege that Defendant Kuerston denied Plaintiff's request for epidural injections on August 3, 2017, as alleged in the complaint. Instead, grievance no. SOL HC 18000731/SOL SC 18000035 alleged that Dr. Mayes denied Plaintiff adequate pain medication in 2018.[2] Therefore, this grievance did not exhaust Plaintiff's claims against

---

[2]     In his declaration filed in support of the summary judgment motion, S. Gates listed grievance no. SOL HC 18000731/SOL SC 18000035 as two separate grievances. (ECF No. 21-1

4

1    Defendant Kuerston.

2    Second, Plaintiff's request for reconsideration is denied as untimely. Plaintiff alleges that he received the exhibits containing grievance no. SOL HC 18000731/SOL HC 18000035 from defense counsel on or around July 20, 2021. Plaintiff alleges that he (Plaintiff) tested positive for COVID-19 on January 4, 2021. Plaintiff alleges that due to his COVID-19 diagnosis, he was unable to review the exhibits he received from Mr. Siedman until April 30, 2022.

In support of his claim that he was unable to review the exhibits until April 30, 2022, Plaintiff attaches several exhibits to his pending request. Plaintiff attaches a grievance, signed February 5, 2021, in which he alleges that he contracted COVID-19 due to deliberate indifference by prison officials. (ECF No. 121 at 16.) In this grievance, Plaintiff requested release on parole, life-long medical assistance, mental health counseling and for all responsible parties to be held liable. (*Id.*)

In another grievance, no. HC 21002636, signed December 22, 2021, Plaintiff alleged that prison officials continued to fail to protect Plaintiff from COVID-19. (*Id.* at 23.) Plaintiff alleged that he suffered side effects from having suffered COVID-19 including memory loss and loss of smell and taste. (*Id.* at 24.) In the next level appeal of this grievance, Plaintiff also alleged that he suffered from loss of energy and unknown issues, in addition to loss of memory and loss of smell and taste. (*Id.* at 25.)

While the Court is sympathetic to the alleged ongoing symptoms Plaintiff experienced as a result of having COVID-19, Plaintiff has not adequately demonstrated that these symptoms prevented him from reviewing the exhibits he obtained from counsel on or around July 20, 2021, until April 30, 2022.

For the reasons discussed above, the Court finds Plaintiff has not adequately demonstrated that he could not have requested reconsideration of the order granting summary judgment to Defendant Kuerston earlier in this litigation. Accordingly, Plaintiff's request for reconsideration is denied as untimely. *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)

---

at 4.) S. Gates represented that neither grievance SOL HC 18000731 nor grievance SOL SC 18000035 exhausted Plaintiff's claims against Defendant Kuerston. (*Id*.)

1  (a motion for reconsideration "may not be used to raise arguments or present evidence for the first
2  time when they could reasonably have been raised earlier in the litigation.").

   B. Request to Reopen Discovery

4  On April 29, 2022, Defendants moved to continue the June 6, 2022 jury trial.  (ECF No.
5  115.)  Due to a conflict with the Court's calendar on June 6, 2022, and Defendants' motion to
6  continue, on May 2, 2022, the Court reset the jury trial to July 25, 2022.  (ECF No. 116.)
7  Plaintiff now contends that if the Court grants Defendants' request to continue the jury trial, the
8  Court should grant Plaintiff's request to reopen discovery in order for Plaintiff to obtain video of
9  Defendants' use of excessive force and video of CDCR investigation of Plaintiff's grievance by
10 Sergeant Singh and Sergeant Smith on July 7, 2017.  (ECF No. 121 at 2.)

11 In his pretrial statement, Plaintiff requested that discovery be reopened.  (ECF No. 109 at
12 5.)  On April 12, 2022, the magistrate judge denied this request.  (ECF No. 112.)  On April 28,
13 2022, Plaintiff filed a further request to reopen discovery.  (ECF No. 114.)  On May 9, 2022, the
14 magistrate judge denied this request.  (ECF No. 122 at 2–3.)  In the aforementioned order, the
15 magistrate judge noted that in Defendants' May 5, 2022 response to Plaintiff's objections,
16 Defendants stated that there is no videotaped recording of the incident.  (*Id.* at 2.)

17 For the reasons stated in the magistrate judge's April 12, 2022 order, Plaintiff's pending
18 request to reopen discovery is DENIED.

   C. Request to View CDs

20 Plaintiff requests that the Court order prison officials to allow him to view five CDs.
21 (ECF No. 121 at 3.)  Plaintiff alleges that he requires a Court order to view the CDs.  (*Id.*)
22 Plaintiff alleges that he will mail these CDs to Defendants after he views them.  (*Id.*)

23 In his objections to the pretrial order, Plaintiff also requested a Court order to view the
24 CDs, which allegedly included an interview with Defendant Medina taken on September 18,
25 2018.  (ECF No. 122 at 3.)  In their response to Plaintiff's objections, Defendants stated that they
26 did not believe that a CD containing an interview with Defendant Medina on September 18, 2018,
27 exists.  (*Id.*)

28 In the May 9, 2022 order, the magistrate judge denied Plaintiff's request for a Court order

to view the CDs. (*Id.* at 3.) The magistrate judge found that other than the interview with Defendant Medina, Plaintiff did not describe the contents of the CDs. (*Id.*) Plaintiff also did not explain where he obtained the CDs. (*Id.*) The magistrate judge also found that Plaintiff's claim that prison officials denied his request to view the CDs was not well supported. (*Id.*) For these reasons, the magistrate judge denied Plaintiff's request to view the CDs. (*Id.*)

In the pending request, Plaintiff does not address any of the matters discussed by the magistrate judge in the May 9, 2022 order. Accordingly, Plaintiff's request for a Court order to view the CDs is DENIED as unsupported.

To the extent Plaintiff is seeking to offer the CDs as exhibits at trial, Plaintiff has not complied with the procedures set forth in the pretrial order for presenting exhibits discovered post pretrial. (ECF No. 111 at 6.) Most importantly, Plaintiff does not address why the CDs could not reasonably have been discovered earlier. (*Id.*)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Request to Reopen Discovery and for an order directing prison officials to allow him to view CDs (ECF No. 121) is DENIED; and

2. Plaintiff's Request for Reconsideration of the order granting Defendants' Summary Judgment as to his claims against Defendant Kuerston (ECF No. 121) is DENIED.

**DATED:** June 7, 2022

Troy L. Nunley
United States District Judge