UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>KUERSTON, et al.,<br><br>Defendants. | No. 2: 19-cv-450 TLN KJN P<br><br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is set for jury trial before the Honorable Troy L. Nunley on February 6, 2023. On November 2, 2022, defendants filed objections to plaintiff's trial exhibits filed October 17, 2022. (ECF Nos. 146, 150.) The instant order addresses only defendants' objections to plaintiff's exhibits at ECF No. 146 at 8-14.

In their objections, defendants contend that plaintiff seeks to include confidential documents as trial exhibits that were previously produced to plaintiff's former counsel under a protective order and labeled "Confidential—Attorneys' Eyes Only." Defendants contend that the stipulated protective order (ECF No. 37) does not permit plaintiff access to these documents. (Id. at 2.) Defendants contend that these documents were labeled "Confidential-Attorneys' Eyes Only" because they were "designated in good faith to be confidential and for attorneys' eyes only" based on "a good faith belief that the information is entitled to protection from disclosure to

1

non-attorneys, because such information threatens the safety of individuals or inmates, or threatens the safety and security of a prison." (Id.) Defendants contend that the parties agreed and the court ordered that plaintiff would not have access to documents so labeled "[u]nless otherwise ordered by the court or permitted in writing by the Designating Party, Counsel for the Receiving." (Id. at 9; see also ECF No. 38.) Defendants contend that the court and defendants' counsel did not permit plaintiff's former counsel to disclose these documents to plaintiff. Defendants contend that plaintiff's former counsel's letter regarding providing relevant documents to plaintiff following the termination of his representation did not indicate confidential documents were being disclosed. (ECF No. 101.)

Defendants state that they were unaware that plaintiff's former counsel provided those confidential documents directly to plaintiff until plaintiff filed them with the court. Defendants contend that because the court did not permit and defendants' counsel did not agree to the disclosure of these documents to plaintiff, the production of these documents violates the protective order. Defendants request that the confidential documents be removed from the docket and filed under seal. Defendants further request that the court order plaintiff to return all copies he has of these confidential documents back to defendants' counsel immediately.

Plaintiff's exhibits at ECF No. 146 at 8-14 are marked "Confidential-Attorneys' Eyes Only." For the reasons stated above, the undersigned finds that disclosure of these documents to plaintiff violates the protective order entered into between plaintiff's former counsel and counsel for defendants. Accordingly, defendants' request for these documents to be removed from the docket and filed under seal and for plaintiff to return all copies of documents marked "Confidential-Attorneys' Eyes Only" to defense counsel is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to remove the documents at ECF No. 146 at 8-14 from the docket and to file these documents under seal;

2. Upon receipt of the instant order, plaintiff shall immediately serve defense counsel with all documents in his possession marked "Confidential-Attorneys' Eyes Only." Plaintiff shall file proof of service with the court of these documents on defense

counsel. Plaintiff shall not retain in his possession any documents marked "Confidential-Attorneys' Eyes Only." Failure to comply with this order may result in the imposition of sanctions.

Dated: November 7, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Tay450.ord(e)