UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:19-cv-00450-DJC-CSK |
| Plaintiff, | |
| v. | ORDER |
| C. MEDINA, et al., | |
| Defendants. | |

On September 27, 2024, Defendants filed seven Motions in Limine asking the Court to preemptively limit evidence at the October 7, 2024, trial. (ECF No. 253.) At the final status conference on October 3, 2024, the Court issued rulings on Defendants' second through seventh Motions in Limine, but reserved final ruling on Defendants' first Motion in Limine to exclude evidence of: (1) Plaintiff's dismissed claims against Defendant Kuerston; (2) Plaintiff's dismissed claims against Defendants Medina and Chavez, namely a retaliation claim, an excessive force claim alleging Defendants improperly handcuffed Plaintiff behind his back rather than using waist-chains, and an excessive force claim alleging Defendants "chicken-winged" Plaintiff; and (3) the date of the incident being June 27, 2017. (*Id.* at 2–4; ECF No. 262.)

1        Having considered the Parties' briefings and argument, the Court will grant
2   Plaintiff's first Motion in Limine in part and deny it in part.  First, the Court will exclude
3   any evidence relating to Plaintiff's prior claims against Defendant Kuerston, as those
4   claims have been dismissed and are not relevant to the remaining excessive force
5   claim against Defendants Medina and Chavez.  (*See* ECF Nos. 20–23.)
6        Second, the Court will exclude evidence of Plaintiff's dismissed claims against
7   Defendants Medina and Chavez, particularly claims concerning the manner in which
8   Plaintiff was handcuffed (i.e., whether Defendants should have used waist-restraints or
9   a daisy-chain), and that Plaintiff was "chicken-winged," as the Court previously entered
10  summary judgment for Defendants on those claims.  (*See* ECF No. 77 at 19–20 ("[T]he
11  undersigned finds that defendants did not use excessive force when they handcuffed
12  plaintiff behind the back."); *id.* at 23 ("The undisputed facts, set forth above,
13  demonstrate that defendants did not chicken-wing plaintiff when they applied the
14  handcuffs."); ECF No. 78.)  Defendants acknowledge, and the Court agrees, that
15  Plaintiff is permitted to testify to the sequence of events during the incident in
16  question.  However, Plaintiff's counsel is precluded from introducing additional
17  evidence or argument about the manner in which Plaintiff was handcuffed or that
18  Plaintiff was "chicken-winged."
19       Finally, the Court denies Defendants' request to exclude evidence that the
20  incident occurred on June 27, 2017.  Whether the incident occurred on June 27,
21  2017, or June 28, 2017, is a factual question for the jury to decide.

**CONCLUSION**

In accordance with the above, it is hereby ORDERED Defendants' first Motion in Limine (ECF No. 253) is GRANTED in part and DENIED in part.

Dated:  October 4, 2024

*[signature: Daniel J. Calabretta]*
THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE