UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>C. MEDINA, et al.<br><br>Defendants. | No. 2:19-cv-00450-DJC-CSK<br><br><br><br>ORDER |

Plaintiff Kenneth Lee Taylor, a state prisoner, brought this civil rights action under 42 U.S.C. § 1983 against Defendants C. Medina and M. Chavez, correctional officers at the state prison, on June 26, 2018.  (ECF No. 1.)  Defendants subsequently filed for summary judgment on Plaintiff's claims, and the Court granted summary judgment except as to Plaintiff's claim that Defendants used excessive force by throwing Plaintiff to the ground in violation of the Eighth Amendment.  (ECF Nos. 45, 76–77.)  Trial began on October 7, 2024, on Plaintiff's sole remaining claim, and the jury returned a verdict in favor of Defendants on October 15, 2024.  (ECF Nos. 271, 279.)  Judgment was entered that same day.  (ECF No. 281.)

Defendants filed their Bill of Costs on October 28, 2024, seeking $9,033.97.  (ECF No. 285.)  Plaintiff filed a Motion to Strike Costs on November 4, 2024, asking the Court to deny Defendants' costs based on his indigent status.  (ECF No. 286.)  For the reasons discussed below, Defendants' Bill of Costs against Plaintiff will be DENIED.

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000). Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted).

A district court need not give affirmative reasons for awarding costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593. "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592-93). "This is not 'an exhaustive list of "good reasons" for declining to award costs,' but rather a starting point for analysis." *Id.* at 1248 (quoting *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593).

## DISCUSSION

In his Motion to Strike Costs, Plaintiff argues that, although he lost at trial, his excessive force claim was not frivolous or without foundation. (ECF No. 286 at 2, 4.) Plaintiff also attests that he has been incarcerated for over 20 years and has no assets, income, or savings to pay Defendants' costs. (*Id.* at 4; ECF No. 286-1.) Accordingly, Plaintiff argues Defendants' requested costs should be denied in their entirety or reduced to $250. (ECF No. 286 at 6.)

The Court finds that, under Ninth Circuit precedent, it is appropriate to deny an award of costs here. In *Draper v. Rosario*, 836 F.3d 1072 (9th Cir. 2016), the court held that the district court abused its discretion when it awarded $3,018.35 against a plaintiff alleging Eighth Amendment violations in a state prison. *Id.* at 1089. The court found that individual Eighth Amendment cases are important for safeguarding the rights and safety of prisoners, indicating that it was a case of substantial public importance. *Id.* at 1088. The court also found that the case was close because the plaintiff's evidence was sufficient to survive summary judgment, leaving it to the jury to assess competing accounts of the alleged events. *Id.* The court further reasoned that such a large cost award could chill similar lawsuits challenging Eighth Amendment violations in jails and prisons. *Id.* The court noted that district courts have routinely declined to award costs against prisoners proceeding *in forma pauperis* under similar circumstances, citing potential chilling effects. *Id.* at 1088–89 (citing *Baltimore v. Haggins*, No. 1:10-CV-00931-LJO, 2014 WL 804463, at *2 (E.D. Cal. Feb. 27, 2014) (denying $1,462.61 in costs and noting that the potential chilling effect of being taxed with costs upon defeat cannot be ignored in indigent inmates' section 1983 cases)). Finally, the court found that a denial of costs was appropriate because plaintiff had a $0 balance in his prison account, no checking or savings account, and no income or assets, and had represented himself in the litigation until the district court appointed pro bono counsel. *Id.* at 1089. Thus, there was "no comparison between [plaintiff]'s limited resources and those of the state of California, which bore the defense costs." *Id.* Accordingly, the court found each of the factors discussed was an appropriate reason for denying costs or for a reduction in costs, and vacated the cost award for the district court to reconsider whether an award was warranted. *Id.*

Under *Draper*, the Court finds that a denial of costs is appropriate here. First, Plaintiff's claims present an important issue, an Eighth Amendment violation. Second, similar to the plaintiff in *Draper*, Plaintiff's case was close because his case survived summary judgment with respect to at least one claim. Third, Defendants here seek

$9,033.97, approximately three times the amount sought in *Draper*. Just as in *Draper*, this large amount could chill future lawsuits challenging Eighth Amendment violations. Finally, Plaintiff attests that he is "completely indigent" and has "no assets, no car, no savings," or any other "financial resources to pay defendants' costs." (ECF No. 286-1 ¶¶ 3-7.) Plaintiff was only able to obtain counsel through pro bono appointment via this Court. (*See* ECF Nos. 173-74.) Plaintiff's indigent status makes the financial disparity between him and the Defendants, who are represented by attorneys from the California Department of Justice, self-evident.

Considering each of these factors, the Court finds the totality of the circumstances support denial of a defense cost award in this case.

## CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Strike Costs (ECF No. 286) is GRANTED. Defendants' request for $9,033.97 in costs (ECF No. 285) is DENIED.

IT IS SO ORDERED.

Dated: **January 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – Taylor19cv450.MotStrikeCosts